**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| MARTIN SUMLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:23-CV-00031 SPM |
| | ) |
| JOHN CHAMBERS, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is the application of self-represented plaintiff Martin Sumlin to proceed in the district court without prepaying fees or costs. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will grant the motion. Furthermore, based upon an initial review of the complaint under 28 U.S.C. § 1915(e)(2)(B) the Court will dismiss this action.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the financial information contained in the application, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should

construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff Martin Sumlin, an inmate at Scott County Jail in Benton, Missouri, filed the instant action pursuant to 42 U.S.C. § 1983 on March 6, 2023. Plaintiff names the following individuals and entities as defendants in this action: Jail Administrator John Chambers; Correctional Officer Trevor Unknown; Deputy T. Balivia; and Correctional Officer Unknown McCord. Plaintiff does not indicate the capacities under which he is suing defendants. Plaintiff alleges that he is suing defendants Chambers and Balivia in their official capacities only. However, he is silent as to the capacity under which he is suing the remaining defendants.

Plaintiff states that in December of 2022 he filed a grievance with Jail Administrator John Chambers indicating that Correctional Officer Trevor Unknown was only passing "hygiene items" to inmates in the Scott County Jail if they were indigent. Purportedly Correctional Officer Trevor Unknown told inmates that if they "had money on their books," they needed to buy their own "hygiene." However, plaintiff states that when he attempted to purchase "hygiene" items, there was a problem in making orders which resulted in going several months without "hygiene." As a result, plaintiff states that he was denied his Eighth Amendment right to "cleaning," making the conditions "bad" at Scott County Jail.

Unfortunately, plaintiff fails to explain exactly what he means when he refers to "hygiene" items. Thus, the Court is not sure if he is referring to toothpaste, soap, toilet paper, cleaning

products or a combination of these goods. Additionally, he fails to indicate exactly how the conditions at Scott County Jail were "bad" over the course of several months without "hygiene." Plaintiff additionally fails to indicate whether he sought "free hygiene" from any of the defendants after he was unable to order hygiene at the Jail.

Plaintiff claims that on January 2, 2023, he filed a "grievance for inmates not being tested for tuberculosis/AIDS." Plaintiff, however, does not indicate whether he was tested for tuberculosis or AIDS or state who he filed his grievance with. He also fails to provide the Court with information as to why he filed his grievance, *i.e.,* the harm he was purportedly suffering which precipitated the grievance.[1] He claims that at some unnamed time he was having breathing problems and he asked to be "checked through medical and nothing was done again."

For relief, plaintiff seeks monetary damages.

## Discussion

The Court finds that plaintiff's allegations of unlawful conditions of confinement and deliberate indifference to his serious medical needs are subject to dismissal.

### A. Official Capacity Claims

Plaintiff sues defendants in their official capacities only in this action.[2] "[A]s a suit

---

[1] The Court is unsure of the significance of these allegations as they do not appear to relate to plaintiff personally.

[2] Plaintiff alleges that he is suing defendants Chambers and Balivia in their official capacities only. However, he is silent as to the capacity under which he is suing the remaining defendants. A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom,* 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id. See also Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.,* 161 F.3d 1178,

against a government official in his official capacity is functionally equivalent to a suit against the employing governmental entity, a suit against a government official in only his official capacity should be dismissed as redundant if the employing entity is also named." *King v. City of Crestwood, Mo.*, 899 F.3d 643, 650 (8th Cir. 2018). In this case, plaintiff's suit against defendants in their official capacities is the functional equivalent of a suit against Scott County, Missouri.

A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Scott County, Missouri.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to

---

1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims"). As such, the Court presumes that plaintiff is suing all defendants in their official capacities only.

"official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." To do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

In this case, plaintiff has failed to allege any facts alleging an unconstitutional policy, custom, or failure to train or supervise. At a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Plaintiff has failed to do so in this instance. As such, his claims against defendants are subject to dismissal. Additionally, even if plaintiff had alleged individual capacity claims against defendants, his claims would still be subject to dismissal.

### B. Individual Capacity Claims

As noted above, plaintiff filed his claims against defendants in their official capacities only. However, the Court notes that even if he had brought his claims against defendants in their individual capacities, his claims would still be subject to dismissal.

Plaintiff states that in December of 2022 he filed a grievance with Jail Administrator John

Chambers indicating that Correctional Officer Trevor Unknown was only passing "hygiene items" to inmates in the Scott County Jail if they were indigent. Purportedly Correctional Officer Trevor Unknown told inmates that if they "had money on their books," they needed to buy their own "hygiene." However, plaintiff states that when he attempted to purchase "hygiene" items, there was a problem in making orders which resulted in going several months without "hygiene." As a result, plaintiff states that he was denied his right to "cleaning," making the conditions "bad" at Scott County Jail.

First and foremost, the Court notes that plaintiff has failed to make any allegations against defendants T. Balivia or Correctional Officer Unknown McCord. Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). Plaintiff's failure to link either defendant Balivia or McCord to some purported violation of his constitutional rights is fatal to his claims against them.

Similarly, the Court finds that plaintiff's claims that he had a breathing problem and asked to be checked by medical cannot sustain a constitutional violation. Plaintiff has failed in this instance to link his deliberate indifference claim to a particular defendant named in this action.

Thus, this Court is unable to connect his claim with a constitutional deprivation by one of the named defendants.

Additionally, plaintiff's conditions of confinement claims, in violation of the Fourteenth Amendment, fail to state a claim upon which relief can be granted, with respect to defendants Trevor Unknown and Jail Administrator John Chambers. The Supreme Court has determined that the government may detain defendants before trial and "subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979). To that end, there are two ways to determine whether conditions rise to the level of punishment. *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 907 (8th Cir. 2020). First, a plaintiff can show that his or her conditions of confinement were intentionally punitive. *Id*. Second, in lieu of an "expressly demonstrated intent to punish," a plaintiff can "also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id*. If conditions are arbitrary or excessive, it can be inferred that the purpose of the governmental action is punishment that may not be constitutionally inflicted upon pretrial detainees. *Id*. "However, not every disability imposed during pretrial detention amounts to punishment in the constitutional sense." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996).

In determining whether pretrial detention is unconstitutionally punitive, the United States Court of Appeals for the Eighth Circuit has applied the deliberate indifference standard. *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) ("To succeed on a claim under the Due Process Clause of the Fourteenth Amendment, a pretrial detainee…must show the defendant official was deliberately indifferent to

his rights"). In particular, the Eighth Circuit has explained that this standard is applicable when "the governmental duty to protect at issue…is not based on a pretrial detainee's right to be free from punishment but is grounded in principles of safety and well-being." *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006). To that end, the Eighth Circuit has held "that deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety." *Id*. at 345.

Unfortunately, plaintiff fails to explain exactly what he means when he refers to "hygiene" items. Thus, the Court is not sure if he is referring to toothpaste, soap, toilet paper, cleaning products or a combination of these goods. Additionally, he fails to indicate exactly how the conditions at Scott County Jail were "bad" over the course of several months without "hygiene." Plaintiff additionally fails to indicate whether he sought "free hygiene" from any of the defendants after he was unable to order hygiene at the Jail.

The Court cannot say that plaintiff's allegations showed a punitive environment at the Scott County Jail, as described by plaintiff in his complaint. The Eighth Circuit has held there is "no absolute Eighth Amendment right not to be put in a cell without clothes or bedding." *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995). Additionally, an inmate who is not given a toothbrush and toothpaste for a one-month period has been found not to be a constitutional violation. *Jones v. Price*, 2021 WL 2589132 (E.D. Mo. Jun. 24, 2021) (finding no constitutional violation where inmate in administrative segregation not given toothbrush, toothpaste, or shower for one month time period); *see also Scott v. Carpenter*, 24 F. App'x 645, 647-48 (8th Cir. 2001) (finding no denial of "minimal civilized measure of life's necessities" when prisoner was able to shower only fifteen times in six months including a twenty-eight-day period without a shower); *Jones-El v.*

*Godert*, 2019 WL 6727492, * 13-14 (finding unconstitutional deprivation of hygiene items where inmate denied toothbrush and toothpaste from November 17, 2017 through June 30, 2018 and plaintiff suffered treatment for pain, tooth decay, bleeding and infected gums, plaque build-up, foul breath, and the extraction of two teeth); *Scott v. Burl*, 2019 WL 3425061, *5-6 (E.D. Ark. May 9, 2019) (no constitutional violation where inmate was able to purchase adequate hygiene supplies on a regular basis, even while in punitive isolation). For these reasons, the Court finds his claims regarding his conditions of confinement are subject to dismissal.

For the aforementioned reasons, the Court finds that plaintiff's complaint is frivolous and fails to state viable legal claims. The Court will dismiss the complaint on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this action would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of March, 2023.

                                                      HENRY EDWARD AUTREY  
                                                  UNITED STATES DISTRICT JUDGE