## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| MARTIN SUMLIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-CV-00031 SPM |
| JOHN CHAMBERS, et al., | ) ) ) |
| Defendants. | ) ) |

## **OPINION, MEMORANDUM AND ORDER**

Before the Court is a post-dismissal motion for appointment of counsel.[1] After considering the motion and the pleadings, the motion will be denied.

### Background

Plaintiff Martin Sumlin, an inmate at Scott County Jail, filed the instant civil rights action on March 6, 2023. Because plaintiff, a prisoner, was proceeding in forma pauperis in this matter, the Court reviewed his complaint pre-service, pursuant to 28 U.S.C. § 1915 on March 15, 2023, for frivolousness, maliciousness and failure to state a claim. The Court dismissed plaintiff's action pursuant to § 1915 on that same date.

In his complaint plaintiff asserts that inmates who had money were made to buy their own hygiene items at Scott County Jail. However, he alleges that when he attempted to buy hygiene items, there was a problem in making orders which resulted in going several months without hygiene. As a result, plaintiff states that he was denied his right to "cleaning," making the conditions "bad" at the Jail. However, as the Court noted in its March 15, 2023 Order, plaintiff

---

[1] Plaintiff filed a motion for appointment of counsel. However, he attached as an exhibit to his motion for appointment of counsel the first page of his complaint, received by the Court on March 6, 2023, along with an old motion for in forma pauperis, also received by the Court on March 6, 2023. The Court is unsure of the significance of the attachments to plaintiff's motion.

failed to indicate what he meant when he indicated that there was a problem with ordering "hygiene" items. The Court is unsure if he was referring to toothpaste, soap, toilet paper, cleaning supplies or a combination of these goods. Additionally, plaintiff failed to articulate how the conditions at the Scott County Jail were "bad," and whether he sought "free hygiene" from the defendants after he was unable to order hygiene at the Jail.

The Court reviewed the totality of plaintiff's allegations in the Opinion, Memorandum and Order issues on March 15, 2023. Unfortunately, plaintiff's allegations failed to state a claim pursuant to 28 U.S.C. § 1915.

### Motion for Appointment of Counsel

Plaintiff does not indicate in his motion for appointment of counsel whether he is seeking counsel in the District Court or to assist in preparing his case on appeal.[2] To the extent plaintiff is seeking counsel in this Court, his request for counsel will be denied.

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

As noted above, plaintiff's complaint was dismissed on March 15, 2023. Thus, there is no pending action in this Court. Plaintiff's motion for appointment of counsel will therefore be denied.

---

[2] Plaintiff has not filed a notice of appeal in this case. To the extent he files a notice of appeal, he may file a motion for appointment of counsel in the Eighth Circuit Court of Appeals.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 31st day of March, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE